UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:12-cv-1578 WBS CKD P |
| Plaintiff, | |
| v. | ORDER |
| WOLFE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on June 12, 2012. (ECF No. 1.) On November 17, 2013, the undersigned granted plaintiff's request to proceed in forma pauperis and ordered service on defendants Hermann, Jones, Spike, and Wolfe. (ECF No. 17.) Before the court is defendants' March 1, 2013 motion to revoke plaintiff's in forma pauperis status on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g). (ECF No. 23.) Plaintiff has filed an opposition (ECF No. 26), and defendants have filed a reply (ECF No. 27; see also ECF No. 28). For the reasons set forth below, the undersigned will revoke plaintiff's in forma pauperis status and order plaintiff to pay the filing fee or face dismissal of this action.

////

////

1

I.  Motion to Revoke IFP Status

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995).  The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999).  28 U.S.C. §1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim.  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120, quoting § 1915(g).  Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike.  Id.  If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g).  Id.

In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes."  Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant

2

has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II. Discussion

Defendants contend in their motion that plaintiff's litigation history shows that he has at least three prior strikes. Per defendants' request, the undersigned takes judicial notice of the following cases[1]:

1. Benyamini v. Anderson, No. 1:07-cv-1596 OWW GSA (E.D. Cal.). On July 1, 2008, the magistrate judge recommended dismissal of plaintiff's complaint for "failure to state any claims upon which relief may be granted." (ECF No. 23-3 at 10.) On May 13, 2009, after multiple extensions of time, the case was dismissed for failure to amend. (Id. at 13.) This dismissal has been previously determined to constitute a strike. See Benyamini v. Martinez, No. 2:12-cv-3008 WBS KJN ("Martinez"), ECF Nos. 10, 12.

2. Benyamini v. Simpson, No. 2:08-cv-1552 GEB DAD (E.D. Cal.). On June 8, 2009, the magistrate judge recommended that defendants' Rule 12(b)(6) motion to dismiss be granted because "plaintiff's complaint fails to state a cognizable claim for relief and should be dismissed." (ECF No. 23-3 at 28.) On July 8, 2009, the findings and recommendations were adopted by order. (Id. at 34.) This dismissal has been previously determined to constitute a strike. See Martinez, ECF Nos. 10, 12.

3. Benyamini v. Johnson, No. 11-16971 (9th Cir.). On November 15, 2011, the court found that plaintiff was not entitled to in forma pauperis status because "the appeal is frivolous." On December 5, 2011, after plaintiff failed to pay the filing fee, the appeal was dismissed for failure to prosecute. (ECF No. 28-1 at 2-3.) This dismissal has been previously determined to

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 | constitute a strike. See Martinez, ECF Nos. 10, 12.

2 | In his opposition to defendants' motion, plaintiff fails to show why any of the aforementioned actions are not strikes. Moreover, plaintiff's allegations in the complaint do not satisfy the "imminent danger" exception. See ECF No. 17 at 3. Because the court concludes that plaintiff is a "three strikes" litigant, it need not reach whether various other dismissals cited by defendants constitute strikes.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to revoke in pauperis status (ECF No. 23) is granted;

2. Plaintiff's in forma pauperis status is REVOKED pursuant to 28 U.S.C. § 1915(g);

3. The order granting plaintiff's application to proceed in forma pauperis (ECF No. 17) is VACATED;

4. Plaintiff shall submit, within 21 days from the date of this order, the $400.00 filing fee for this action; and

5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / beny1578.threestrikes.doc